DONALD P. NORRIS, ESQ.  
LAW OFFICE OF MACEY & ALEMAN  
Nevada State Bar No. 7464  
1701 W. Charleston Blvd., Ste. 320  
Las Vegas, Nevada 89102  
Tel: (702) 671-4112  
Fax: (702) 671-4113  
Attorney for Debtors

E-Filed 3/30/09

# UNITED STATES BANKRUPTCY COURT
## DISTRIT OF NEVADA

In re:

Michael J. Flynn

Susan J Flynn

) Case No.: 08-24979-LBR  
)  
) Chapter 13  
)  
)  
) Hearing Date: April 23, 2009  
) Haring Time: 3:30 P.M.  
)  
)

## MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF FIFTH THIRD BANK (ACCOUNT ENDING IN 8490) PURSUANT TO 11 U.S.C. §506(a) AND §1322

**COMES NOW** Debtors, Michael J. Flynn and Susan J. Flynn, by and through their attorney Donald P. Norris, Esq. and hereby move this Court for its Order valuing collateral and modifying the rights of Creditor Fifth Third Bank (Account ending in 8490) pursuant to 11 U.S.C.§506(a), and § 1322 and Bankruptcy Rules 3012 and 9014. In further of this motion, Debtor's states as follows:

1. Debtor's filed the above captioned Chapter 13, Case Number 08-24979-LBR on December 17, 2008.

[Summary of pleading] - 1

2. On the petition date, Debtor owned real property located at 1290 Comet Street, Henderson, NV 89052, legally described as:

Richmond American Homes Nevada at Anthenm-19, Plat Book 104, Page 60, Lot 163, Block 6 in the Office of the County Recorder of Clark County, Nevada.

APN 190-06-114-004.

3. The value of the Property was estimated to be $334,000.00 as of the petition date, but the appraisal attached hereto as Exhibit "1" and herein incorporated by reference estimates the market value of the subject property to be $205,000.00

4. As of the petition date, the Property was encumbered by a First Trust Deed in favor of America's Servicing Co., successor to Winstar Mortgage ("America's"), securing a note with a principal balance of $372,000.00. See claim 1-1; attached hereto as Exhibit "2".

5. As of the petition date, no equity existed in the Property above the claim of America's with respect to the First Trust Deed.

6. Fifth Third Bank holds a Second Trust Deed securing a note with a principal balance of $96,826.62. This Second Trust Deed was wholly unsecured on the petition date and if the Property were to be sold at auction, Fifth Third Bank would receive nothing with respect to the Second Trust Deed. This Second Trust Deed was recorded in the Office of the Clark County Recorder as instrument 20060808-02134 on August 8, 2006. See claim 3-1 attached hereto as Exhibit "3".

7. The Debtor's therefore takes the position that Fifth Third Bank note secured by Second Trust Deed is in fact unsecured and should be reclassified as a general unsecured claim to receive pro rata with other general unsecured creditors through the Debtor's Chapter 13 Plan.

## LEGAL AGREUMENT

In *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002), the Court stated that a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C.§ 506(a), despite the anti-modification language in § 1322(b)(2). Specifically, the Court held:

> Section 506(a) divides creditors' claim into "secured…claims" and "unsecured claims." Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the debtor's property, § 506(a) makes clear that the status of a claim depends on the valuation of the property. An allowed claim of a creditor secured by a lien on property in which the estate has an interest … is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property … and is an unsecured claim to the extent that the value of such creditor's interest … is less than the amount of such allowed claim.
>
> …
>
> To put it more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim". Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

Since Fifth Third Bank Second Trust Deed is wholly unsecured (in that there is no equity above the first mortgage in the Property), this Court should reclassify Fifth Third Bank second mortgage claim to a general unsecured claim to receive pro rata with like unsecured creditors. Fifth Third Bank should also be stripped of its secured rights under State law and the recorded Second Trust Deed should be expunged from the County records to give effect to this Court's order.

      Moreover, Debtor's may bring a motion to "Strip Off" Fifth Third Bank Second Trust Deed and is <u>not</u> required to file an adversary proceeding. See *In re Williams*, 166 B.R. 615 (Bankr.E.D.Va.1994), *In re Fuller*, 255 B.R. (Bankr.W.D.Mich.2000), *In re Hoskins*, 262 B.R.693 (Bankr,E.D.Mich.20001), *In re King*, 290 B.R.641 (Bankr.C.D.Ill,2003), *In re Millspaugh*, 302 B.R.90 (Bankr.D.Idaho 2003), *Dickey v Ben. Fin.* (In re Dickey) 293 B.R.360 (Bankr M.D.Pa.2003), *In re Hill*, 304 B.R.800 (Bankr.S.D.Ohio 2003); *In re Sadala* 294 B.R. 180 (Bankr.M.D.Fla.2003), *In re Bennett*, 312 B.R. 843 (BankrW.D.Ky.2004).

      WHEREFORE, Debtor prays that this Court:

1. Find that Fifth Third Bank is not a holder of a lien on the Property with respect to the Second Trust Deed.
2. Immediately avoid, "Strip Off", extinguish and expunge from the County Recorder Fifth Third Bank is wholly unsecured Second Trust Deed from the Property pursuant to 11 U.S.C. Section 506(a);
3. Reclassify Fifth Third Bank claims to be a general unsecured claim to be paid pro rata with other general unsecured creditors through the Debtor's Chapter 13 plan.
4. Such other relief the Court finds appropriate.

Dated: March 30, 2009                /s/ Donald P. Norris, Esq.

                                          Donald P. Norris, Esq.
                                          Attorney for Debtor